■ In the Matter of GREEN CHIMNEYS CHILDREN'S SERVICES, INC., Appellant-Respondent, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents-Appellants. [596 NYS2d 531] —Mercure, J. Cross appeals from a judgment of the Supreme Court (Bradley, J.), entered April 30, 1992 in Albany County, which conditionally denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents setting petitioner's Medicaid reimbursement rate.

Petitioner is a licensed provider of residential services, special education and counseling services for children. In April 1991, the Department of Social Services announced its new Child Care Rate Methodology (hereinafter the CCRM), which sets specific cost ceilings for each component of the Medicaid rate applicable to providers such as petitioner. Because the CCRM rate was in some instances significantly lower than the rates previously received, the CCRM contained a "hold harmless" provision which included a phase-in period for the rate years 1990-1991 and 1991-1992. As a result of the hold harmless provision (petitioner's 1989-1990 rate adjusted

for inflation), petitioner's 1990-1991 rate was fixed at $19.11, as opposed to the CCRM rate of $13.88. Petitioner, claiming that the CCRM was not properly promulgated, commenced this CPLR article 78 proceeding challenging the reimbursement rate for 1990-1991. Supreme Court dismissed the proceeding, concurring with respondents' argument that the proceeding does not set forth a justiciable controversy because the phase-in provision prevents the CCRM from being applied in the 1990-1991 rate year. This appeal by petitioner ensued.*

We affirm. Standing requires that a party demonstrate, at the outset of any suit, a stake in its resolution. Petitioner has not established, or even alleged, that its 1990-1991 rate would have been any different in the absence of the CCRM and its hold harmless provision. Petitioner does not challenge the preexisting methodology and, with regard to the rate year under review, the CCRM does nothing more than place agencies on notice that the rates will be calculated differently in the future. We conclude, therefore, that petitioner lacks standing to challenge the CCRM here (see, Matter of Mobil Oil Corp. v Syracuse Indus. Dev. Agency, 76 NY2d 428, 433; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9).

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Respondents have not pursued their cross appeal.